[Cite as *State v. McDew*, 2011-Ohio-1196.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Julie A. Edwards, J. |
| -vs- | : | |
| | : | |
| MICHELLE MCDEW | : | Case No. 2010CA0270 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Canton Municipal Court, Case No. 2010CRB03716


JUDGMENT:     Affirmed


DATE OF JUDGMENT ENTRY:     March 14, 2011


APPEARANCES:

For Plaintiff-Appellee

BRANDEN L. PAXOS
218 Cleveland Avenue, SW
P.O. Box 24218
Canton, OH  44701-4218

For Defendant-Appellant

E. KELLY MIHOCIK
250 East Broad
Suite 1400
Columbus, OH  43215

*Farmer, P.J.*

{¶1} On August 24, 2010, appellant, Michelle McDew, appeared in the Canton Municipal Court for arraignment on a charge of failure to appear for a show cause hearing. Following her exchange with the judge, appellant shouted profanities and was uncooperative. The judge immediately held appellant in contempt of court and sentenced her to thirty days in jail. The sentence was journalized via judgment entry filed August 24, 2010. On September 8, 2010, the remainder of appellant's sentence was suspended on the condition of two years of good behavior.

{¶2} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶3} "THE TRIAL COURT ERRED WHEN IT HELD MS. MCDEW IN CRIMINAL CONTEMPT OF COURT WHEN SHE DID NOT ACTUALLY INTERFERE WITH THE ADMINISTRATION OF JUSTICE. THERE WAS INSUFFICIENT EVIDENCE, AS A MATTER OF LAW, TO HOLD MS. MCDEW IN CONTEMPT OF COURT. FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION; SECTION 16, ARTICLE I OF THE OHIO CONSTITUTION; R.C. 2705.01; *STATE V. DRAKE* (1991), 73 OHIO APP.3D 640, 598 N.E.2D 115."

II

{¶4} "THE THIRTY-DAY SENTENCE IMPOSED BY THE TRIAL COURT WAS NOT PROPORTIONAL TO MCDEW'S ACT, WHICH THE COURT ERRONEOUSLY FOUND TO BE CONTEMPTUOUS. MS. MCDEW'S RIGHT TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT WAS VIOLATED WHEN THE TRIAL COURT

IMPOSED THAT SENTENCE.  EIGHTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION; SECTION 9, ARTICLE I, OHIO CONSTITUTION."

I

{¶5}   Appellant claims there was insufficient evidence as a matter of law for the trial court to find her guilty of direct criminal contempt of court as she did not actually interfere with the administration of justice.  We disagree.

{¶6}   Pursuant to R.C. 2705.01, "[a] court, or judge at chambers, may summarily punish a person guilty of misbehavior in the presence of or so near the court or judge as to obstruct the administration of justice."  As explained by our brethren from the Tenth District in *State v. Conliff* (1978), 61 Ohio App.2d, 185, 189:

{¶7}   "Because of the summary nature of a direct contempt conviction, the court must be careful to guard against confusing actions or words which are contemptuous to the judge's personal feelings or sensibilities and actions or words which constitute punishable, criminal contempt of a summary nature because of posing an actual or imminent threat to the administration of justice."

{¶8}   "The power to determine the kind and character of conduct which constitutes contempt of court rests in the sound discretion of the court and it has the power to impose a penalty reasonably commensurate with the gravity of the offense." Id.  In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.  *Blakemore v. Blakemore* (1983) 5 Ohio St.3d 217.

{¶9}   The encounter between the judge and appellant was brief.  Appellant argues her comments, although obnoxious and immature, did not amount to a

disruption. However, the record indicates her outburst occurred as another case was called and the trial court was attempting to conduct judicial proceedings:

{¶10} "BY THE PROSECUTOR (*calling the next case*): James Perry.

{¶11} "BY MS. McDEW: Fuck this! It's bullshit!

{¶12} "BY THE COURT: Alright. That just earned you...

{¶13} "BY MS. McDEW: This is...

{¶14} "BY THE COURT: ...a thirty day vacation...

{¶15} "BY MS. McDEW: (*Yelling*) Sir!

{¶16} "BY THE COURT: ...in the Stark County jail, and if you...

{¶17} "BY MS. McDEW: (*Yelling*) Sir, I'm in college!

{¶18} "BY THE COURT: ...say anymore, we're gonna go up to…

{¶19} "BY MS. McDEW: (*Yelling*) I am in college! I am in college! I am supposed to be in school…

{¶20} "BY THE COURT: Okay. That's enough.

{¶21} "(*Ms. McDew continues yelling, but it is unintelligible.*)

{¶22} "(*Unintelligible commands by the jailer*)

{¶23} "BY THE COURT: I told you to stop. You are…

{¶24} "BY MS. McDEW: But…

{¶25} "BY THE JAILER: NOW!

{¶26} "BY THE COURT: Madam, you are in contempt of court.

{¶27} "BY MS. McDEW: I am in college.

{¶28} "BY THE JAILER: NOW!

{¶29} "BY THE COURT: You are in contempt of court.

{¶30} "(*Ms. McDew continues yelling unintelligibly as jailers are escorting her from the bullpen*)."  T. at 2-3.

{¶31} By its very nature, direct contempt of court is a very subjective determination.  The magnitude of any given situation is never adequately portrayed by the written transcript.  Because of its subjective nature and the fact that the actual dynamics of the situation are best viewed by the trial court, it is difficult to second-guess the trial court.

{¶32} The courtroom dynamics are judged by the totality of the circumstances. The ultimate responsibility for control of the courtroom lies with the judge.  Here, the incident occurred in the midst of an arraignment docket where other defendants, attorneys, and the general public were present.  The issues of courtroom control, demeanor, and orderly proceedings are of upmost importance.  There was more occurring in the courtroom than just appellant's case.

{¶33} Upon review, we find there was sufficient evidence that appellant was disruptive to the arraignment process and her outburst and failure to cooperate with the jailer occurred during another's proceedings, thereby obstructing the administration of justice.  The trial court did not abuse its discretion in finding appellant in direct criminal contempt of court.

{¶34}  Assignment of Error I is denied.

II

{¶35} Appellant claims her thirty day sentence was disproportionate to the severity of the contempt.  We disagree.

{¶36} In *State v. Kilbane* (1960), 61 Ohio St.2d 201, syllabus, the Supreme Court of Ohio held the following:

{¶37} "1. Courts, in their sound discretion, have the power to determine the kind and character of conduct which constitutes direct contempt of court. In imposing punishment for acts of direct contempt, courts are not limited by legislation but have the power to impose a penalty reasonably commensurate with the gravity of the offense. (*State v. Local Union 5760,* 172 Ohio St. 75, 173 N.E.2d 331, paragraph four of the syllabus, approved and followed.)

{¶38} "2. The primary purpose of a criminal contempt sanction must be to vindicate the authority of a court and it, therefore, must be determinate. Conditions, however, may be attached to such a determinate sentence which allow for earlier termination of the sentence."

{¶39} When a direct contempt is involved, "the limits placed on contempt sanctions by R.C. Chapter 2705 are inapplicable." *Kilbane,* at 204. "Although R.C. 2705.05(A) does not apply to limit the punishment a court may impose for contemptuous conduct, this is not to say that the court has no limits on its authority to punish contemptuous conduct. The court's inherent power to punish contempt necessarily implies that it cannot do so arbitrarily or unreasonably, but in proportion to the contemptuous conduct." *State v. King,* Cuyahoga App. No. 80958, 2002-Ohio-7228, ¶10.

{¶40} As discussed supra, appellant in this case was disruptive, uncooperative, and obstructed the administration of justice. The trial court sentenced appellant to thirty

days in jail.  The sentence was later reduced from thirty days to sixteen days and good

behavior, and a fine was not imposed.

{¶41}  Upon review, we find the sentence imposed by the trial court is well within

its sentencing authority and is not disproportionate to the conduct.

{¶42}  Assignment of Error II is denied.

{¶43}  The judgment of the Canton Municipal Court of Stark County, Ohio is

hereby affirmed.

By Farmer, P.J.

Wise, J. and

Edwards, J. concur.


_s/ Sheila G. Farmer_____


_s/ John W. Wise_____


s/ Julie A. Edwards_____

JUDGES


SGF/sg 222

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| MICHELLE MCDEW | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 2010CA0270 |


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Canton Municipal Court of Stark County, Ohio is affirmed. Costs to appellant.


_s/ Sheila G. Farmer_____


_s/ John W. Wise_____


s/ Julie A. Edwards_____

JUDGES